DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1904.

---

### Ed. V. Price as Ed. V. Price & Co. v. Art Printing Company.

#### Gen. No. 10,856.

1. MOTION IN ARREST—*when. does not lie.* Where a defendant has first demurred to a declaration, and after such demurrer has been overruled, has pleaded thereto, he cannot, by motion in arrest, raise for the first time defects in the declaration consisting of the absence of allegations of damage and the formal *ad damnum.*

2. VERDICT—*what cured by.* Where a plaintiff to a plea of set-off replied in a single replication *non-assumpsit, nil debit,* matter by way of traverse and new affirmative matter, without having obtained leave to reply double, and the parties go to trial upon the issue so made, the defects of such replication are cured by verdict, and a motion for judgment *non obstante veredicto* will be denied.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed January 19, 1904.

**Statement by the Court.** May 18, 1899, appellant and appellee entered into a contract in writing, whereby appellee agreed to print for appellant 100,000 small cards and 5,000 large cards, and to deliver the large cards on June 10, and the small cards ten days after certain names, which were to be printed thereon, had been furnished by appellant.

(1)

Appellant was to furnish eight cuts for the small cards and five for the large cards. There was some delay on the part of appellant in furnishing to appellee the cuts and names. The first of the printed cards were delivered June 30, and the remainder at various times during July and the first days of August.

GANN & PEAKS, for appellant.

RUFUS S. SIMMONS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

There is in the declaration in this case neither allegation of damage nor the formal *ad damnum*, and appellant contends that for such defects his motion to arrest the judgment should have been sustained. But he first demurred and then pleaded to the declaration, and the motion in arrest was properly denied. Appellant further contends that the replication confesses the causes of action set forth in his pleas of set-off and failed to avoid the same by anything properly set up therein, and that, therefore, the Circuit Court should have entered judgment in his favor on said pleas *non obstante veredicto*. The first plea of set-off is in form assumpsit, the second and third, debt. To these pleas plaintiff in a single replication, replied *non-assumpsit*, *nil debit*, matter by way of traverse, and new affirmative matter. The replication concluded with a verification and there was no rejoinder. It cannot be said that this replication confesses the causes of action set up in the pleas of set-off. If plaintiff had in one replication replied *non-assumpsit* to the first plea of set-off and in another *nil debit* to the second and third of said pleas, and concluded to the country, the pleas of set-off would have been put in issue. The replication is defective in form only. The parties went to trial as upon issues joined and the defects are cured by the verdict.

The controversy in the case was as to the right of appellant to set-off or to recoup under the plea of *non-assumpsit* certain special or consequential damage which he contended

that he had sustained by reason of the failure of appellee to furnish a part of said cards at the time agreed upon. It appears from the evidence that appellant was a merchant tailor; that he had several thousand customers scattered through many of the states and territories; that he, about the first of May in each year, was accustomed to send to each customer by express a package of samples; that when he ordered the cards in question, he intended to put some of them in each package of samples and that the express charges on such package would be no more than upon a package of samples without the cards. It further appears that by reason of the fact that very few of the cards were delivered to appellant before it became necessary for him to send the samples to his customers, he was compelled to send the cards to most of his customers in separate packages at a later time, and that the express charges upon the packages of cards so sent amounted to $303.76. Appellant claimed, and there was evidence tending to show, that White, the manager of the appellee corporation, some time in July agreed with appellant that appellee would pay the express charges on the package of cards so sent out, but White testified that he made no such agreement, and whether such an agreement was made was a question for the jury, and one upon which their verdict is conclusive. In the absence of an agreement, or special circumstances, the amount of the express charges on the packages of cards cannot be said to be such damages as might naturally be expected to follow the violation of the contract in question, or such as might fairly be supposed to have entered into the contemplation of the parties when they made the contract, and, therefore, not a proper element of damages. The court instructed the jury that if said cards were " bought for a particular purpose known to the plaintiff " and plaintiff violated his contract, then defendant had the right to have deducted from the purchase price " all expense, loss and damage sustained by him " by reason of such violation. It has been questioned whether, under the rule in Hadly v. Baxendale, 9 Exch. 341, the mere knowledge by one party of the special

circumstances of the case, would impose on him an obligation to indemnify the other for all the damages which, by reason of such special circumstances, would ordinarily follow from a breach; or whether to produce such result his assent to assume such responsibility must be shown. Benjamin on Sales, 729. The court took the view most favorable to appellant and instructed the jury, as we have seen, that mere knowledge by appellee of the special circumstances was sufficient to render it responsible for the consequential damage claimed. Whether at the time the contract was made any officer or agent of appellee had such knowledge or notice, was a question for the jury, which they found against appellant, and we cannot say that their verdict is against the evidence.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*